United States District Court
Southern District of Ohio
Western Division

CLIFFORD LITTON,                                 Case No. 1:07cv27

    Plaintiff,                                      Judge Herman J. Weber

    v.                                                 Magistrate Judge Stephanie K. Bowman

TALAWANDA SCHOOL DISTRICT,

    Defendant.

## REPORT AND RECOMMENDATION

On November 18, 2008, Plaintiff was awarded $50,000 in compensatory damages by a jury. Defendant filed a motion for judgment as a matter of law on December 3, 2008. (Doc. 74). This motion was denied by the District Judge on March 31, 2010 (Doc. 77) with the judgment entered the same day. (Doc. 78). As the prevailing party, on April 14, 2010, Plaintiff promptly applied for attorney fees in the amount of $124,783.01, costs in the amount of $3,432.06, and post-judgment interest in the amount of $764.00. The total amount request was $128,979.07. (Doc. 79).

Defendant then filed its notice of appeal to the Sixth Circuit on May 5, 2010 (Doc. 80) and this Court issued an Order staying the fee application. (Doc. 85). After the Court of Appeals affirmed the verdict (Doc. 86), the Defendant filed a Petition for Rehearing *En Banc* which was denied on September 7, 2012. Following this denial, Plaintiff filed a post-appeal supplemental application for fees, costs and post-judgment interest. (Doc. 88). In this request, Plaintiff sought an additional award of $24,304.64 for additional fees, $918.70 for additional costs, and $1,356.00 in post-judgment interest, thus bringing

1

the total requested amount to $181,278.90.

Defendant then filed a Petition for Writ of Certiorari to the United States Supreme Court on December 3, 2012 (Doc. 92) which was denied on April 1, 2013. (Doc. 94). Plaintiff then filed a second supplemental motion for fees on May 6, 2013 (Doc. 98) which Defendant opposed. (Doc. 99). Plaintiff filed a reply memorandum. (Doc. 100). The pending motion was referred to the undersigned on October 17, 2013 for initial consideration and a Report and Recommendation. (Doc. 101).

Plaintiff now seeks fees for the additional time incurred since the first supplemental application was filed and to adjust the hourly rate in the initial application and first supplemental application to reflect 2013 hourly rates. This results in an increase of $10,056.50 in attorney fees, $586.22 in additional costs, and $382.62 in post judgment interest. The total requested in all three fee applications is $185,093.50[1] in fees calculated at the 2013 hourly rates, $4,918.98 in costs, and $2,502.62 in prejudgment interest, totaling $192,515.10.[2] The parties submitted an update, via email, to chambers informing the undersigned that the Defendant has paid the Judgment, post-Judgment interest, the costs and $151,932.90 in undisputed attorney fees. Thus, the only issue before this Court is the difference in the amount of attorney fees requested and the amount paid – a difference of $33,160.60. This difference comes mainly from multiplying the hours expended (which are not disputed by the Defendant) by the 2013 hourly rates of Plaintiff's counsel as opposed to the rates in use at the time the work was performed or at

---

1 The Court calculated this amount to be $184,864.64 based upon the numbers provided above. However, the time sheets provided as Exhibit B to Plaintiff's Motion (Doc. 98) show a total $185,093.50.
2 Plaintiff calculated the total at $192,504.10. However, the Court calculated the number to be $192,515.10, a difference of $11.00.

least at the time of the initial fee application in this case.

## I.

Plaintiff, as the prevailing party in this case, is entitled to recover reasonable attorney fees pursuant to the applicable statute. Defendant does not dispute the entitlement to fees but only the hourly rate requested as unreasonable. Accordingly, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Thereafter, discretionary adjustments up or down, may be made based on, *inter alia*, the results obtained, and the experience, reputations and ability of the attorneys. *Id.* Herein, Plaintiff was successful on his race discrimination claim but not on his age discrimination claim. He was also represented by highly talented and experienced attorneys who have an extensive federal court practice. Moreover, where a party has achieved excellent results, its attorneys should normally receive a fully compensatory fee. *Id.* at 435. However, the question presented here is what is a reasonable hourly rate. Plaintiff relies on *Missouri v. Jenkins*, 491 U.S. 274, 105 L.Ed. 2d 229, 1098 S. Ct. 2463 (1989) to support his argument that 2013 rates should be used to calculate the fee award. In *Jenkins*, the U.S. Supreme Court noted that compensation is often received several years after services were rendered in complex litigation and "is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings". *Id.* at 283. The Court then held "that an appropriate adjustment for delay in payment – whether by the application of current rather than historical hourly rates or otherwise -- is within the contemplation of the statute. *Id.* at 284.

3

**II.**

Here, Plaintiff's initial fee application was based upon an hourly rate of $378.37 for Randy Freking and $291.75 for Kelly Mulloy Myers, lead counsel in the case. In his second supplemental request, Plaintiff is now seeking $455.00 per hour for Mr. Freking's time and $345.00 for Ms. Myers' time. This alone is a difference of $19,545.34 and does not account for the hourly rate increases for the other three attorneys who worked on the case and the numerous paralegals. Plaintiff cites support for the increase in hourly rate based upon two other cases from this court. In *Imwalle v. Reliance Medical Products, Inc.*, Case No. C-1-04-275 (S.D. Ohio Nov. 9, 2006) aff'd, 515 F.3d 531, 556 (6th Cir. 2008), Judge Weber, in 2006, approved hourly rates of $356.65 for Mr. Freking and $250 for Ms. Myers, along with $135 for an associate with four years' experience and a range of $65-$95 for paralegal time.[3] In *Robinson v. Hilton Hospitality, Inc.*, Case No. C-1-04-092 (S.D. Ohio Sept. 30, 2008), now retired Magistrate Judge Hogan approved hourly rates of $385 for Mr. Freking, $275 for Ms. Myers, $200 for Ann Wittenauer and $65-$95 per hour for various paralegals.[4] Plaintiff argues that the higher rates are reasonable based upon modest adjustments for inflation and cost of living increases since the time when *Imwalle* and *Robinson* were decided.

Defendant argues that Plaintiff has not met his burden of showing that the increases to the hourly rates are reasonable and that the original amounts requested in

---

3 Plaintiff's brief states that Judge Weber approved a rate of $150 for Attorney Ann Wittenauer and $95 for paralegal time. However, upon review of the Order in *Imwalle*, which references and adopts the hourly rates approved in *Thelen v. Siemens Energy Inc.*, Case No. C-1-02-891 (S.D. Ohio, April 28, 2006), the amount requested by Plaintiff and approved by the Judge Weber was $135 for Ms. Wittenauer and a range of $65-$95 for various paralegals.

4 Again, Plaintiff's brief states the Court approved an hourly rate of $95 for paralegal time. Additionally, after determining these rates to be reasonable, based upon the facts of that case, Judge Hogan reduced the total fee award by 10%.

the initial application are instead reasonable.   Alternatively, if this Court finds the higher hourly rates to be reasonable, the Defendant argues that the higher rates should not be applied to work detailed in the initial fee application.   The Sixth Circuit Court of Appeals, in *Gonter v. Hunt Valve Co.,* 510 F.3d 610, 618 (6th Cir. 2007), held that "we have occasionally approved the application of current billing rates when doing so was appropriate in reaching a reasonable fee. … Accordingly, the district court has the discretion to choose either current or historical rates so long as it explains how the decision comports with the ultimate goals of awarding reasonable fees."

Upon careful review, the Court finds that the hourly rates should be increased to current market levels but not quite to the levels requested by the Plaintiff.  The jury returned a verdict in this case in late 2008. Through no fault of either party, a judgment was not entered until March, 2010 wherein the appeals process then began and concluded in April, 2013.   The Court agrees that based upon the passage of time, and not as a punishment to Defendant for pursuing his appeal rights, that an increase will provide Plaintiff's counsel with a reasonable fee.

A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney. *Fuhr v. School Dist. of City of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citations omitted). The court determines whether a requested hourly rate is reasonable by reference to the prevailing market rate, i.e., the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation. *Id.* (*citing Blum v. Stephens*, 465 U.S. 886, 896). The hourly rate to be used is not that of a "renowned" lawyer but that required to attract competent counsel without producing windfalls to counsel. *Hadix v. Johnson*,  65 F.3d 532, 535 (6th Cir. 1995);

*Coulter v. Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986). A renowned lawyer who normally commands a higher hourly rate than competent and experienced lawyers in the region should ordinarily be compensated at the lower, regional market rate. *Coulter,* 805 F.2d at 149.

To recap, in 2008, Judge Hogan approved an hourly rate of $385 for Mr. Freking, $275 for Ms. Myers, $200 for Ms. Wittenauer and a range of $65-$95 for paralegal time. In 2010, Plaintiff's initial fee application in this case included a request of $378.37 per hour for Mr. Freking (lower than that approved by Judge Hogan in 2008), $291.75 per hour for Ms. Myers and a paralegal rate of $100.78. In the five and half years since Judge Hogan's Order in *Robinson*, the economy and legal market in particular have taken a hard hit and are just now beginning to show signs of recovery. Taking all this under consideration, as well as the affidavit of Theresa L. Groh and the opposition of Defendants, the Court finds the following hourly rates to be reasonable and to reasonably compensate Plaintiff's counsel: $405 for Mr. Freking; $300 for Ms. Myers and Carrie Atkins Barron; $225 for Ms. Wittenauer; $160 for Becky Ganis; $105 for paralegals Huber, Collins, Hartung, and Piecoro; and $95 for Carnevale. The law clerk rate will remain unchanged at $65 per hour and $75 per hour for Heather Waldron. This equals a total amount of $164,589.00. Minus the amount already paid by Defendant, Plaintiff's counsel is entitled to an additional amount of $12,656.10.

**III.**

Accordingly, it is herein **RECOMMENDED** that Plaintiff's second post-appeal supplemental application for attorney fees, costs and post-judgment interest (Doc. 98) be **GRANTED,** consistent with the findings above, and Plaintiff be **AWARDED** additional fees

6

in the amount of $12,656.10 from Defendant.

**IT IS SO ORDERED.**

           <u>*s/Stephanie K. Bowman*</u>
           Stephanie K. Bowman
           United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

| | |
|---|---|
| CLIFFORD LITTON, | Case No. 1:07cv27 |
| Plaintiff, | Judge Herman J. Weber |
| v. | Magistrate Judge Stephanie K. Bowman |
| TALAWANDA SCHOOL DISTRICT, | |
| Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).